DIANNE LEBOYD

VERSUS

ROGER SCOTT, SHANDROF BURKS, DARRYL
DAIGS, HERMAN BAILEY, DONALD
POLLARD, SR., RANDALL CAMPBELL, SR.,
CLYDE TAYLOR, ELBERT SHORTS, SR.,
NATHANIEL GAYTEN, WENDELL EUGENE,
ALVIN SUMLER, SR., IVORY PETERSON,
BRYAN SINGLETON, AND ST. MATTHEW
BAPTIST CHURCH OF NEW SARPY

NO. 23-C-109

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

May 03, 2023

Linda Wiseman
First Deputy Clerk

IN RE DIANNE LEBOYD

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT,
PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE M. LAUREN
LEMMON, DIVISION "D", NUMBER 88,299

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson

## WRIT GRANTED; JUDGMENT VACATED; REMANDED

Relator/plaintiff, Dianne LeBoyd, seeks this Court's supervisory review of
the trial court's February 2, 2023 ruling which denied her motion for contempt as
procedurally untimely since it did not comply with the deadline set in the court's
pretrial order.

In this matter, plaintiff filed a petition for writs of quo warranto and
mandamus against respondents/defendants, Roger Scott, Shandrof Burks, Darryl
Daigs, Herman Bailey, Donald Pollard, Sr., Randall Campbell, Sr., Clyde Taylor,
Elbert Shorts, Sr., Nathaniel Gayten, Wendell Eugene, Alvin Sumler, Sr., Ivory
Peterson, Bryan Singleton, and St. Matthew Baptist Church of New Sarpy.
Therein, plaintiff alleged that defendants are the current deacon board of St.
Matthew Baptist Church of New Sarpy and were holding office and directing
management in violation of the church's bylaws. She also contended that she
served as the church's financial secretary since 1984 until she was recently
improperly removed her from the position by defendants.

On November 28, 2022, plaintiff filed a motion for contempt in which she
argued that defendants were in contempt of court for violating the terms of the
parties' May 24, 2022 consent judgment and the trial court's June 8, 2022 written
judgment which granted plaintiff's motion for partial summary judgment. In her

motion for contempt, plaintiff claimed that on May 24, 2022, the parties entered into a consent judgment, agreeing to a selection process to choose the new pastor of the church; however, she alleged that the selection process was not appropriately explained to the membership, nor was it appropriately followed. Additionally, as part of the June 8, 2022 judgment granting plaintiff's motion for partial summary judgment, the trial court ordered that defendants be stripped of their corporate titles and ability to conduct the business and financial management of the church, that the church conduct a new election of the board of trustees, that plaintiff be reinstated to the office of financial secretary of the church, and that she be paid restitution. In the motion for contempt, plaintiff argued that defendants are in contempt of the June 8, 2022 judgment since they still hold their corporate titles and continue to control the business and management of the church. She also argued that defendants are in contempt for failing to reinstate her as financial secretary.

In opposition to the motion for contempt, defendants asserted that the motion did not comply with the court's "Bench Trial Order After Conference," which required that all rules and dispositive motions be filed at least 60 days before trial. Defendants alleged that the motion for contempt was not filed at least 60 days before the January 17, 2023 trial date.

The parties appeared for a hearing before the trial court on January 18, 2023 on the rule for contempt and for a trial on the issue of restitution. Plaintiff stated that the parties agreed to continue both the motion for contempt and the trial on restitution subject to one objection by defendants. Defendants then argued that the motion for contempt was procedurally untimely. Defendants argued that the claims made in the motion for contempt were first raised back in the "summertime," and there was ample time since then to file the motion before the deadline set in the pretrial order. Plaintiff argued in response that the motion for contempt is not related to the issues that remain to be tried, and thus the court's pretrial order was not applicable. The trial court denied the motion for contempt as untimely. A written judgment was signed on February 2, 2023.

The procedures to be followed in charging and adjudicating a charge of constructive contempt are described in La. C.C.P. art. 225, and include a rule to show cause describing the facts alleged to constitute the contempt, notice to the person charged at least 48 hours before the hearing, and a trial of the rule. *Succession of Bell*, 06-1710 (La. App. 1 Cir. 6/8/07), 964 So.2d 1067, 1071.

Louisiana Code of Civil Procedure art. 1551 outlines pre-trial conference procedure in Louisiana. The theory inherent behind pre-trial procedure is avoiding surprise and orderly disposition of the case. La. C.C.P. art. 1551; *Perniciaro v. Hamed*, 20-62 (La. App. 5 Cir. 12/16/20), 309 So.3d 813, 833. A pre-trial order controls the subsequent course of the action, but can be modified to prevent manifest injustice. *Id.* La. C.C.P. art. 1551 provides the trial court with great discretion in implementing pretrial orders and ensuring that the particulars are enforced. *Id.*

Upon review of the writ application, supplement, and opposition, we find that the trial court abused its discretion by denying the motion for contempt as procedurally untimely. The only remaining matter to be determined at trial is the amount of restitution owed. The motion for contempt does not concern that issue and deals with allegations that defendants have failed to comply with previous judgments of the trial court. As such, we find that the trial court's denial of the

motion for contempt on the ground that it is untimely and thus its refusal to conduct a hearing on the motion for contempt is an abuse of discretion and would result in manifest injustice.

Accordingly, we grant plaintiff's writ application, vacate the trial court's February 2, 2023 judgment, and remand the matter to the trial court to conduct a hearing on the motion for contempt.

Gretna, Louisiana, this 3rd day of May, 2023.

**JGG**
**FHW**
**RAC**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>05/03/2023</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**23-C-109**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

29th Judicial District Court (Clerk)
Honorable M. Lauren Lemmon (DISTRICT JUDGE)
Evan J. Bergeron (Relator)
Jeigh L. Britton (Relator)

### MAILED

L. Gerome Smith (Respondent)
Attorney at Law
Post Office Box 26038
New Orleans, LA 70186